# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50087

JAMEL BLANTON,

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2015

Lyle W. Cayce
Clerk

Plaintiff - Appellant

v.

NEWTON ASSOCIATES, INCORPORATED, also known as Richmond Enterprises, Incorporated, doing business as Pizza Hut; RICHMOND ENTERPRISES, INCORPORATED, also known as Pizza Hut of San Antonio, Incorporated, also known as Pizza Hut of San Antonio Number 6, Incorporated; PIZZA HUT OF SAN ANTONIO NUMBER 6, INCORPORATED; NEWTON ASSOCIATES I, LIMITED, doing business as Pizza Hut of San Antonio, Incorporated,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-1103

Before STEWART, Chief Judge, and BARKSDALE and GRAVES, Circuit Judges.

PER CURIAM:*

In this employment discrimination case, a jury found that Plaintiff-Appellant Jamel Blanton was subjected to sexual and racial harassment by his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50087

female manager, but that his employer, a Pizza Hut store and its corporate operator (collectively "Pizza Hut"), proved the *Ellerth/Faragher* affirmative defense. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 806-08 (1998). Blanton appeals, arguing that he is entitled to judgment as a matter of law on the affirmative defense or, in the alternative, to a new trial. We affirm.

I.

We review the denial of Blanton's motion for judgment as a matter of law de novo and view the evidence and all reasonable inferences in the light most favorable to the verdict. *McBeth v. Carpenter*, 565 F.3d 171, 176 (5th Cir. 2009). We must uphold the jury verdict unless "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).

In a harassment case, an employer is vicariously liable for a supervisor's severe or pervasive sexual or racial harassment of a subordinate. *See, e.g., Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 409 (5th Cir. 2002). However, if the supervisor's harassment involves no adverse employment action,[1] an employer can avoid vicarious liability by proving both elements of the *Ellerth/Faragher* affirmative defense: (1) that the employer exercised reasonable care to prevent and promptly correct harassing behavior; and (2) that the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer, or to otherwise avoid harm. *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807; *Wyatt*, 297 F.3d at 409. Blanton argues that there was legally insufficient evidence supporting the jury's finding on both elements of the affirmative defense.

---

[1] On appeal, Blanton makes no assertion that he was subjected to an adverse employment action.

No. 14-50087

There is no question that Blanton was subjected to egregious verbal sexual and racial harassment by the general manager of the Pizza Hut store where he worked. On appeal, Blanton has pointed to some evidence that the implementation of Pizza Hut's anti-discrimination policy was inadequate. Specifically, there is evidence showing that Pizza Hut did no training for any employees or managers on its anti-discrimination policies, and that a shift leader and an assistant manager who witnessed or were told about the harassment did not report it to other managers at Pizza Hut, instead telling Blanton that they feared retaliation if they did report it.

However, the evidence also showed that Blanton alerted only low-level supervisors about the harassment, who, like Blanton, were subordinate to the general manager and had no authority over her, although Pizza Hut's policy clearly provided that in such a situation he should complain to the harasser's supervisor. Once Blanton did complain to a manager with authority over the general manager, Pizza Hut completed an investigation and fired her within four days.

The fact that some low-level supervisors at Pizza Hut knew of the harassment earlier may have created a "real question as to whether the supervisors should have taken the first step towards prevention and correction by reporting these incidents to the relevant" Pizza Hut managers, but it is not sufficient to remove the ultimate question of the reasonableness of Pizza Hut's preventative and corrective measures from the province of the jury. *Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 350 (6th Cir. 2005) (noting that where low-level supervisors may have responded inadequately, whether the employer "exercised reasonable care is a question for a factfinder"). Contrary to Blanton's assertion, Pizza Hut did not rely solely on the existence of its anti-discrimination policy to meet its burden on the affirmative defense. We agree with Blanton that "an employer's showing that it has a sexual harassment

No. 14-50087

policy does not automatically satisfy its burden." *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1314 (11th Cir. 2001).  Here, however, Pizza Hut pointed to the clear, straightforward content of its anti-discrimination policy and complaint procedures, which had been given to all employees in an employee handbook, together with its prompt and effective response to Blanton's specific complaint and Blanton's own delay in making a complaint in accordance with its procedures.  *Clark* and *Frederick* do not mandate judgment as a matter of law in Blanton's favor, but affirm that it is often for the jury to assess the content and implementation of an employer's anti-discrimination policies and determine whether the employer has taken reasonable corrective and preventative measures.  *See Clark*, 400 F.3d at 350; *Frederick*, 246 F.3d at 1314-15; *see also EEOC. v. Boh Bros. Const. Co.*, 731 F.3d 444, 462-66 (5th Cir. 2013) (en banc) (affirming jury verdict for plaintiff where jury could reasonably have found deficiencies in the content, publication and implementation of employer's anti-harassment policy, and in its response to the plaintiff's harassment complaint).

Based on the evidence, Blanton has not met the high burden to show that no reasonable jury could have found that Pizza Hut exercised reasonable care to prevent and correct the harassment and that he unreasonably failed to take advantage of Pizza Hut's corrective measures.

## II.

With regard to Blanton's motion for a new trial, the ruling of the district court is affirmed for essentially the reasons given by the district court in its January 14, 2014 Order denying Blanton's post-trial motions.

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

4